# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GEORGE HOUSE, JR.**                                                                                                    **PETITIONER**

**v.**                      **No. 4:12-cr-7-NBB**

**USA**                          **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the motion of George House, Jr. to vacate, set aside, or correct his sentence under 28 U.S.C.A. §2255. The government has responded to the motion, and the matter is ripe for resolution.

## Facts and Procedural Posture

House was charged in a superseding indictment with bank robbery by use of force or violence (Count I), use of a firearm during a crime of violence (Count II), and possession of a firearm by a convicted felon (Count III).[1] ECF doc. 22. Specifically, House was charged with robbing the Planters Bank and Trust in Greenville, Mississippi, using a Sundance A 25 semi-automatic handgun, and placing "in jeopardy the life of another person by the use of a dangerous weapon." *Id*. at 1. On April 23, 2012, House pleaded guilty to Counts I and II of the superseding indictment. ECF doc. 28. House was sentenced to serve a term of 188 months on Count I and a mandatory term of 84 months on Count II, to run consecutively, and Count III was dismissed.

---

[1] Count Three of the superseding indictment set forth House's prior convictions of: armed robbery in the Circuit Court of Washington County, Mississippi; three (3) separate convictions for escape from the Mississippi State Penitentiary; armed robbery in the Circuit Court of Leflore County, Mississippi; armed bank robbery in the Federal District Court of the Northern District of Mississippi, and voluntary manslaughter in the Federal District Court of the Southern District of Illinois. ECF doc. 22, pg. 2.

ECF doc. 36. In addition, House was sentenced as a career offender pursuant to U.S.S.G. §§ 4B1.1(c)(3) and 5G1.2(e).

On June 23, 2016, House filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. ECF doc. 38. In his motion, House asserts that, under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), none of House's prior convictions qualify as a crime of violence for the purposes of deeming House a career offender under the Guidelines. House also asserts that the "residual clause" of 18 U.S.C.A. §924(c) is unconstitutionally vague under the *Johnson, infra* holding and, therefore, his sentence in Count II is invalid. For the reasons discussed below, House is not entitled to relief under 28 U.S.C.A. §2255.

## Scope of §2255 Review

There are four grounds upon which a federal prisoner may seek to vacate, set aside, or correct his sentence: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence exceeds the statutory maximum sentence; or (4) that the sentence is "otherwise subject to collateral attack." 28 U.S.C. §2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under §2255 is the same as that of a petition for a writ of *habeas corpus*. *Cates*, 952 F.2d at 151.

A defendant seeking relief under 28 U.S.C. §2255 may not do so to raise issues that could have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional issues for the first time on post-conviction collateral review unless he shows cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert.*

*denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if not corrected, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Further, if a claim is raised and considered on direct appeal, a defendant may not raise the issue in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

## The *Johnson* Decision

House asserts that, under *Johnson v. United States,* 135 S.Ct. 2551 (2015), his "career offender enhancement and mandatory sentence pursuant to 18 U.S.C. §924(c) should be vacated" because House's crimes do not constitute crimes of violence for those purposes. ECF doc. 38, pg. 1. In *Johnson, supra*, the Supreme Court considered the constitutionality of the "residual clause" of the Armed Career Criminal Act. The A.C.C.A. provides for the enhanced sentencing of a convicted felon who "has three previous convictions … for a violent felony or a serious drug offense, or both…." 18 U.S.C.A. §924(e)(1). The A.C.C.A. further defines a "violent felony" as a crime punishable by more than one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another…*

18 U.S.C.A. §924(e)(2)(B)(emphasis added). The *Johnson* decision specifically addresses the "residual clause" of subsection (ii), which is italicized above. The Court found that, for the purposes of the A.C.C.A., "the indeterminacy of the wide-ranging inquiry required by the

3

residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S.Ct. at 2557. As such, the *Johnson* Court ultimately held that the residual clause of the A.C.C.A. was unconstitutionally vague.[2] *Id.* at 2563.

### House's sentence

House, however, was not sentenced pursuant to the residual clause of the A.C.C.A., 18 U.S.C.A. §924(e)(2)(B)(ii), which was the subject of the *Johnson* decision. On the contrary, in Count I, House pleaded guilty to armed bank robbery pursuant to 18 U.S.C.A. §2113(a) and (d). In Count II, House pleaded guilty to using, carrying, and brandishing a firearm in the commission of a crime of violence pursuant to 18 U.S.C.A. §924(c)(1)(A)(ii). House was also found to be a career offender pursuant to U.S. Sentencing Guidelines §§4B1.1 and 4B1.2.

### House's Sentence Under §924(c) is Valid

As noted above, House pleaded guilty to Count II and was sentenced under 18 U.S.C.A. §924(c)(1)(A)(ii). For the purposes of that statute, a crime is deemed a crime of violence if it is a felony and: (1) "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the force clause); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C.A. §924(c)(3).

The *Johnson, supra,* decision did not find the residual clause of 18 U.S.C.A. §924(c)(3) to be unconstitutionally vague. In fact, the Court was clear that its decision was specific to the residual clause of the A.C.C.A., 18 U.S.C.A. §924(e)(2)(B)(ii). The *Johnson* Court noted that the holding would not negate statutes containing similar language of "'substantial risk,' 'grave risk,' and 'unreasonable risk' and specifically held, "[a]s a general matter, we do not doubt the

---

[2] The Court further noted that, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct…" *Id*. Moreover, the Fifth Circuit has held, "the definition of 'crime of violence' under §924(c)(3)(B) is not unconstitutionally vague." *U.S. v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017).[3] As such, House's assertion that §924(c) is unconstitutionally vague in light of the *Johnson* decision is without merit.

Regardless, the residual clause of §924(c) is not necessary to a determination of whether House's underlying crime of armed bank robbery is a crime of violence. Under §923(c)(3)(A), a felony is a crime of violence if it "has an element the use, attempted use, or threatened use of physical force against the person or property of another." House pleaded guilty to armed bank robbery pursuant to 18 U.S.C.A. §2113(a) and (d), which states:

> (a) Whoever, **by force and violence, or by intimidation**, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section,

---

[3] While the Fifth Circuit's decision is controlling for this Court, it is notable that the Second, Sixth, and Eleventh Circuits have also reached similar holdings. *U.S. v. Hill,* 832 F.3d 135 (2nd Cir. 2016) (finding that §924(c)(3) is not void for vagueness) ; *U.S. v. Taylor*, 814 F.3d 340, 376-378 (6th Cir. 2016) (finding that §924(c)(3) is not void for vagueness); *U.S. v. Fox*, 650 Fed.Appx. 734, 737-738 (11th Cir. 2016) (unpublished opinion finding that the defendant could not demonstrate plain error in the finding that bank robbery was a crime of violence under §924(c)(3)). The Ninth Circuit has held to the contrary, finding that the residual clause of §924(c)(3) is invalid under *Johnson, supra. Dimaya v, Lynch,* 803 F.3d 1110 (9th Cir. 2015) (currently on *certiorari* review).

> *assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device*, shall be fined under this title or imprisoned not more than twenty-five years, or both.

*Id*. (emphasis added). The elements of subsection (a) of this crime include the use of "force and violence or intimidation," which alone qualify as the "use, attempted use, or threatened use of physical force" required by the force clause of §924(c)(3)(A).[4] Moreover, House pleaded guilty to subsection (d) of this statute, which has as an element the assault of a person or the placing a person's life in jeopardy through the use of a dangerous weapon or device. Clearly, these elements also trigger the force clause of §924(c)(3)(A). For these reasons, House's conviction of armed bank robbery qualifies as a crime of violence for the purposes of §924(c)(3)(A) and his mandatory sentence under that provision was proper.

**House was Properly Sentenced Pursuant to Sentencing Guideline §4B1.1**

House was also found to be a career offender for the purposes of the Sentencing Guidelines and received an additional enhancement under §§ 4B1.1 and 5G1(2)(e). This section provides that a federal criminal defendant will be "career offender" if: (1) they are at least 18 years old at the time of the crime; (2) the crime of conviction is a felony that is a crime of violence or a controlled substance crime; and (3) the defendant has had at least two (2) prior felony convictions for a crime of violence or controlled substance crime. Guidelines §4B1.1.

A "crime of violence" is defined in §4B1.2(a). At the time of House's sentencing, this section defined a felony as a crime of violence if:

---

[4] House asserts that the use of the word "intimidation" in the statute negates the element of force. However, for the purposes of §924(c)(3) " the use, attempted use, or ***threatened use of physical force***" is required. (emphasis added). The use of intimidation necessarily implies the ***threatened*** use of physical force. S*ee U.S. v. Brewer,* 848 F.3d 711, 715 (5th Cir. 2017). As such, federal armed bank robbery qualifies as a crime of violence under §924(c)(3)(A).

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another.

*Id.*[5] At the time of House's sentencing, robbery was specified as a crime of violence in the Application Notes for § 4B1.2(a)(2) rather than the body of the Guideline. The Fifth Circuit has held that the application notes of the guidelines are "binding and is equivalent in force to the Guidelines language itself as long as the language and the commentary are not inconsistent." *U.S. v. Esparza-Perez*, 681 F.3d 228 FN3 (5th Cir. 2012). Because the enumeration of robbery in the Advisory Notes is not inconsistent with the earlier reading of subsection (2), this enumeration is equivalent to the Guidelines language.

The Supreme Court has settled the question of whether the *Johnson* decision invalidates the Guidelines' residual clause holding, "the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017). Further, in *Brewer, supra,* the Fifth Circuit has held that that federal bank robbery is a "crime of violence" for the purposes of U.S. Sentencing Guidelines §4.B1.2(a)(1). Applying the older version of the Guideline, the *Brewer* Court held that the "intimidation" element of the federal bank robbery statute, 18 U.S.C.A. §2113(a), implicitly requires a threat to use force. *Brewer* at 715. As such, House's plea of guilty to armed bank robbery is a crime of violence and triggers the application of §4B1.1.

---

[5] Effective August 1, 2016, subsection (2) was amended to read, " (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. §5845(a) or explosive material as defined in 18 U.S.C. §841(c)." However, this amendment was not in effect at the time of House's sentencing.

Further, House has at least two (2) prior convictions that qualify as crimes of violence pursuant to §4B1.2(a). As noted above, House has previous convictions for: armed robbery in the Circuit Court of Washington County, Mississippi; three (3) separate convictions for escape from the Mississippi State Penitentiary; armed robbery in the Circuit Court of Leflore County, Mississippi; armed bank robbery in the Federal District Court of the Northern District of Mississippi, and voluntary manslaughter in the Federal District Court of the Southern District of Illinois. Under *Brewer, supra*, House's prior conviction for federal armed bank robbery in this Court qualifies as a crime of violence. Moreover, because the prior incarnation of §4B1.2(a) enumerated robbery as a crime of violence in the Application Notes and because that note is not inconsistent with the guideline language itself, House's prior state court convictions for robbery qualify crimes of violence as well. *See Esparza-Perez, supra*.

Even assuming *arguendo* that House's state court convictions for armed robbery were not enumerated crimes for the purposes of Guideline §4B1.2, they qualify as crimes of violence under §4B1.2(a)(1), because they have as an element the "use, attempted use, or threatened use of force." Mississippi's armed robbery statute, Miss. Code Ann. §97-3-79, states:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will **by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon** shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.

*Id*. (emphasis added). Again, the element of "putting such person in fear of immediate injury to his person through the exhibition of a deadly weapon," qualifies as a "threatened use of force"

8

for the purposes of §4B1.2(a)(1). After all, making a victim believe that you intend to injure them with a deadly weapon is unavoidably a threat to use force. Therefore, House's two (2) prior state court convictions for armed robbery qualify as crimes of violence for the purposes of the Guidelines. House certainly qualifies as a career offender under §4B1.1 and was properly sentenced as such.

## Conclusion

As discussed above, House's claims lack merit, and the instant motion to vacate, set aside, or correct George House, Jr.'s sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 13th day of April, 2018.

s/ Neal Biggers

**NEAL B. BIGGERS**
**SENIOR U.S. DISTRICT JUDGE**